UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | |
|---|---|
| ASHLEY STEPHEN and <br> BRETT STEPHEN <br><br> PLAINTIFFS <br><br> v. <br><br> NEV, LLC, <br> NEV SALES, LLC, <br> CLAUDE "WILK" RENFRO, <br> MIRRANDA HUBBS, and <br> EMILY MARQUESS <br><br> DEFENDANTS | CIVIL ACTION NO. 23-cv-094-DLB |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Now comes the Defendants, NEV, LLC, NEV Sales, LLC, Claude "Wilk" Renfro, Mirranda Hubbs and Emily Marquess, by counsel, and for their Answer to the Complaint herein, state as follows:

### FIRST DEFENSE

1. The Complaint filed herein fails to state a cause of action upon which relief can be granted and therefore, should be dismissed.

### SECOND DEFENSE

2. The Defendants state that they are without sufficient information to admit or deny the allegations set out in Paragraph Nos. 1 and 2 of the Complaint, and, therefore deny the same.

3. In response to the allegations set out in Paragraph No. 3 of the Compliant, the Defendants admit that NEV, LLC is a Kentucky limited liability company and Billy R. Shelton, Esq. is NEV's registered agent. The Defendants deny the remaining allegations set out therein.

4. In response to the allegations set out in Paragraph No. 4 of the Compliant, the Defendants admit that NEV Sales, LLC is a Kentucky limited liability company and E. Marquess is NEV Sales' registered agent. The Defendants deny the remaining allegations set out therein.

5. In response to the allegations set out in Paragraph No. 5 of the Compliant, the Defendants admit that Claude "Wilk" Renfro is a resident of Tennessee. The Defendants deny the remaining allegations set out therein.

6. In response to the allegations set out in Paragraph No. 6 of the Compliant, the Defendants admit that Miranda Hubbs is a resident of Kentucky. The Defendants deny the remaining allegations set out therein.

7. In response to the allegations set out in Paragraph No. 7 of the Compliant, the Defendants admit that Emily Marquess is a resident of Kentucky. The Defendants deny the remaining allegations set out therein.

8. The Defendants state that they are without sufficient information to admit or deny the allegations set out in Paragraph Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29 of the Complaint, and, therefore deny the same.

9. In response to the allegations set out in Paragraph No. 30 of the Compliant, the Defendants admit that Plaintiffs sent NEV, LLC the sum of $250,000 as an investment into the company and executed various documents, all of which speak for themselves. The Defendants deny the remaining allegations set out therein.

10. In response to the allegations set out in Paragraph No. 31 of the Compliant, the Defendants state that the Note in question speaks for itself as to what it stated and what it required. If further response is required of the Defendants in response to the allegations set out in Paragraph No. 31 of the Complaint, all allegations set out therein are denied.

11. The Defendants state that they are without sufficient information to admit or deny the

allegations set out in Paragraph Nos. 32, 33, 34 and 35 of the Complaint, and, therefore deny the same.

12. In response to the allegations set out in Paragraph No. 36 of the Compliant, the Defendants state that Renfro did execute a promissory note, which speaks for itself as to what it stated and what it required. If further response is required of the Defendants in response to the allegations set out in Paragraph No. 36 of the Complaint, all allegations set out therein are denied.

13. In response to the allegations set out in Paragraph No. 37 of the Compliant, the Defendants state that the Renfro Note in question speaks for itself as to what it stated and what it required. If further response is required of the Defendants in response to the allegations set out in Paragraph No. 37 of the Complaint, all allegations set out therein are denied.

14. The Defendants state that they are without sufficient information to admit or deny the allegations set out in Paragraph No. 38 of the Complaint, and therefore deny the same.

15. The Defendants deny the allegations set out in Paragraph No. 39 of the Complaint.

16. In response to the statements set out in Paragraph No. 40 of the Complaint, the Defendants incorporate, re-assert and re-plead all prior admissions and denials set out in Paragraph No. 1 through 15 above.

17. The Defendants deny the allegations set out in Paragraph Nos. 41, 42, 43 and 44 of the Complaint.

18. In response to the statements set out in Paragraph No. 45 of the Complaint, the Defendants incorporate, re-assert and re-plead all prior admissions and denials set out in Paragraph No. 1 through 17 above.

19. The Defendants deny the allegations set out in Paragraph Nos. 46, 47, 48 and 49 of the Complaint.

20. In response to the statements set out in Paragraph No. 50 of the Complaint, the

Defendants incorporate, re-assert and re-plead all prior admissions and denials set out in Paragraph No. 1 through 19 above.

21. The Defendants deny the allegations set out in Paragraph Nos. 51, 52, 53 and 54 of the Complaint.

22. In response to the statements set out in Paragraph No. 55 of the Complaint, the Defendants state that no response is required of the Defendants. If further response is required of the Defendants in response to the allegations set out in Paragraph No. 55 of the Complaint, all allegations set out therein are denied.

## THIRD DEFENSE

23. The Defendants assert all affirmative defenses set forth in Kentucky Civil Rule 8 which are supported by the facts, whether known at this time and specifically reserve the right to assert any and all affirmative defenses that arise or become known to the Defendants through the course of discovery.

## FOURTH DEFENSE

24. The Defendants state that the Plaintiffs' claims for damages herein are barred as a result of their failure to mitigate damages.

## FIFTH DEFENSE

25. The Defendants plead accord and satisfaction and settlement and release as a complete bar to any and all claims made by the Plaintiffs herein.

## SIXTH DEFENSE

26. The Defendants plead laches, waiver and estoppel as a complete bar to any and all claims made by the Plaintiffs herein.

## SEVENTH DEFENSE

27. The Defendants state that the Plaintiffs' allegations of fraud against certain

4

Defendants herein lack the specificity and particularity required by the FRCP and must be dismissed.

## EIGHTH DEFENSE

28. The Defendants state that the Plaintiffs' claims for punitive damages are barred by provisions of the Kentucky Revised Statutes and the US and Kentucky Constitutions, and the Defendants rely upon same as a complete bar to all claims asserted by the Plaintiffs for punitive damages.

WHEREFORE, the Defendants prays as follows:

1. That the Plaintiffs Complaint be dismissed, and that the Plaintiffs take nothing thereby.

2. For their costs herein expended, including a reasonable attorney's fee.

3. For all other proper relief.

Respectfully submitted,

/s/ Billy R. Shelton
BILLY R. SHELTON, ESQ.
Shelton, Branham & Halbert PLLC
2452 Sir Barton Way, Ste. 200
Lexington, KY 40509
(859) 294-6868
(859) 294-6866 Facsimile

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of filing to all counsel of record who are certified for electronic filing and that a true and correct copy was also duly e-mailed to the following:

Christopher B. Rambicure, Esq.
MILLER EDWARDS RAMBICURE, PLLC
214 South 8th Street, Suite 200
Louisville, KY 40202

Carl D. Edwards, Esq.
MILLER EDWARDS RAMBICURE, PLLC
300 East Main Street, Suite 360
Lexington, KY 40507

                                                    Billy R. Shelton_____
                                                    BILLY R. SHELTON